IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AIR MOVING EQUIPMENT, CO.,

       Plaintiff,

v.                                                   CIV 10-641-GBW-CEG

DELTA H ENGINEERING, CO.,

       Defendant.

## ORDER DENYING MOTION TO STAY

This matter is before the Court on Defendant's Motion to Stay. *Doc. 8.* Briefing is complete as Plaintiff has filed a response and, while no reply has been filed, the time for filing one has passed. *Doc. 10, 11.* I find the motion is not well taken and will be denied.

In its Motion, Defendant asks this Court to stay this action because "Plaintiff failed to exhaust its administrative remedies and procedures under the general contract provisions of the Contract . . .." *Doc. 8* at 1. Essentially, Defendant claims that there "is a valid and binding arbitration agreement in the Owner's Contract to which the Plaintiff is bound." *Id.*

To adequately understand whether Plaintiff is bound by the "Owner's Contract,"

one must understand the underlying circumstances of the "Owner's Contract." Unfortunately, Defendant has failed to explain those circumstances. Thankfully, Plaintiff has taken up the mantle and explains that: (1) Tasch Construction was the general contractor on a construction project for the renovation of the Juan Chacon Building at Western New Mexico University; (2) CD Mechanical was a subcontractor hired to complete the plumbing and HVAC renovation; (3) Defendant Delta was selected by CD Mechanical to supply the HVAC equipment; and (4) Plaintiff AMECO was hired by CD Mechanical to complete the HVAC work.[1]  *Docs. 9, 10.*  It appears that the parties to the "Owner's Contract" with its arbitration requirement were Tasch Construction and the relevant state agency.  *Id.*

Consequently, this case is not a straight-forward one where both litigants were signatories of the contract including the arbitration clause.  Plaintiff must establish that Defendant agreed, in one fashion or another, to arbitrate the type of dispute embodied in the instant lawsuit.  *See SmartText Corp. v. Interland, Inc.*, 296 F.Supp.2d 1257 (D. Kan. 2003).  As Plaintiff points out, the Local Rules require that Defendant, as movant, must in its pleading: (a) cite authority in support of its legal positions, and (b) submit evidence in support of allegations of fact.  *See* D.N.M.LR-Civ. 7.3.  Plaintiff has done neither sufficiently to support its motion.  While there may exist facts and/or legal

---

[1] The explanation presented here is simplified because their relevance for this Motion is only to understand the general relationships between the parties.

arguments that would support enforcing an arbitration clause against Plaintiff, the Court will not hunt for them.

Wherefore,

IT IS HEREBY ORDERED THAT:

Defendant's Motion to Stay is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE